The next case on the docket is 523-1356, People v. Williams. We're here for the Talent and Amy O'Toole. Our jury for the athlete is Gary Vignette. If you see me looking down my phone or scrolling, I'm looking at the briefs on my phone. Thank you, Your Honor. Good morning, Counsel. May it please the Court, my name is Amy O'Toole, and I'm from the Office of the State Appellate Defender, and I represent Reontae Williams, Defendant Appellant. Your Honors, we've raised two issues on appeal. First, whether Mr. Williams' conviction for armed violence should be reversed because the State failed to prove, beyond a reasonable doubt, that he possessed more than 100 grams of cannabis, unauthorized under the Cannabis Control Act. And second, whether the armed violence and aggravated unlawful use of a weapon statute violates the Second Amendment. My argument this morning will focus on the first issue. Turning to the State's charge of armed violence in this case, the State charged Mr. Williams, while armed with a Category 1 weapon, possessed between 100 and 500 grams of cannabis other than is authorized in the Cannabis Control Act. But here the evidence showed that Mr. Williams, in fact, only possessed 99.8 grams of loose-leaf cannabis, just below the Class 4 felony threshold needed for armed violence. The remainder of the State's case focused on three jars of cannabis-infused edible product, which were measured, in this case, not by the THC content, but in fact by the total product weight. It's determined by the State's forensic scientist, Kristen Stiefetter. She said that that cannabis-infused product weighed 161.7 grams. However, that metric of measurement here really has no significance under the Cannabis Control Act at this time. Under current Illinois law, the Cannabis Regulation and Tax Act, which I'll refer to as the CRTA, was enacted in January 1st of 2020, and that distinguishes between different types of cannabis products. Here we had cannabis flower, which is loose-leaf cannabis, which adults are permitted to possess up to 30 grams. However, cannabis-infused products are measured by 50 or max at 50 milligrams of THC, regardless of the total product weight. In the State's own witness in this case, Officer Kaufman testified that there was a meaningful distinction between legally packaged cannabis, like products from a dispensary, and illegally packaged cannabis. He believed that the edible product appeared legally packaged and store-bought. So here we had the prosecutor, the judge, the defense witnesses all referring to these edibles and gummies contained in the jars. And despite this, the State ignored the distinction and treated all the cannabis products the same, applying the outdated rule of total weight. Did your client's counsel stipulate to that? There was a stipulation in this case as to the admissibility of the loose-leaf cannabis, which was amounted to 98.8, which was the combined two bags of cannabis, as well as the admissibility of the edible product, the three jars, and what the total weight was. But that had no legal conclusion. That was just a stipulation as to admissibility, not as to the proof of a class four felony. There was no predicate felony admission in that stipulation. There was a stipulation also as to the presence of the THC, but not the THC content. To suggest here that the total weight of this edible product, which is Mr. Williams in a felony territory, is really relying on standards prior to the CRTA. As the Illinois Supreme Court and people being Molina just recently in December of 2024 came out, they said that the CRTA's grant of immunity prevails over any conflict of interest. So what we have here is some evolving law that wasn't applied by the state or the trial court in Mr. Williams' case. The Supreme Court recognized that the CRTA represents a fundamental shift in cannabis regulation. The state cannot disregard that framework in proving cannabis-related offenses. In sum, the loose leaf cannabis amounted to less than 100 grams here. That possession by Mr. Williams was a class A misdemeanor. The edibles were legally packaged and presumed lawful under the CRTA, and there was no proof of THC content. The stipulation didn't address the THC content and didn't satisfy the state's burden. Both the state and the defense both cited to Jackson v. Virginia, and there's absolutely no evidence of record. There's no analysis, no lab report, no testimony that is to THC content. There's not even an estimate. So the jars were opened only for the presence of THC and the content's weight. Where the state's proof is insufficient as it is here, to show unlawful possession of more than 100 grams, the armed violence conviction against Mr. Williams must be reversed. The state relied on assumptions and not evidence and failed to meet its burden imposed by the current law. Your Honors, do you have any questions? I guess it's just, I understand you're using the Tax Act for your argument, but on possession cases, it's always been, I mean, whether it's controlled substance, they've always used the weight if you take cocaine. We've never found a difference in classification based on the purity of cocaine. It's always, if you cut it with something else, we'd go on the total weight. I'm not sure why, if you have five brownies, but you add infused and you've got 30 brownies, it seems to me like that's changing the nature of the crime, and that's something the legislature has accounted for in how they've set up the classification scheme. So I'm not sure why we now rely on the purity of the THC or how much THC, as opposed to the total weight that we've always done. Well, let me answer that in a couple parts. And you're right that that was the law. In fact, you raised cocaine, not the amphetamine. It used to be that cannabis used to be, per se, illegal to have possession of cannabis, and was, in fact, a crime. But there's been a sea of change with the CRTA after January of 2020. That's not how it works anymore. It's not that there's directly a conflict of law. The CRTA has provided a framework for decriminalization and legalization of certain amounts of cannabis if you fall within certain restrictions, such as you have to be an adult, you have to be over 21. Cannabis has always been treated differently. And if you're producing cannabis, it used to be based on the number of plants, not necessarily the size. If you're growing five or more or ten or more, and then for possession it's based on the weights, less than 30, more than 30 to 100, or I forget the classifications. But cannabis has always had some different treatments. But at what point do we say this is the right line? Well, you have to look to now what they're making a distinction on is the loose-leaf cannabis versus a cannabis-infused product, such as the brownie example that you're using. Or there's another restriction for cannabis concentrate, whereas you can have no more than five grams of cannabis concentrate. So all of these are presumed legal, provided you don't exceed that limitation in Section 1010 of the CRTA. There's just a new framework for the Cannabis Control Act that wasn't applied here. Okay, thank you. Thank you, Your Honors. Do I have time to reply? You'll have time to reply. Okay, thank you. Counselor, whenever you're ready, you may begin. Thank you, Your Honor. Your Honor, can I please introduce the court? My name is Gary Villanueva. I am the 35th Officer of the State's Chinese Appellate Prosecutor's Office in the United States. Before I begin, I just want to take a guess. Is the court able to clearly hear me? Yes, yes. Okay, I just want to clarify that to make sure I'm clear. You can hear us as well, correct? I can hear you. Sometimes there's a little, let's say, garbled, but I can make out what all is being said. So I follow the argument. I can follow the questions you solve. Okay. I'm on the way, as they say. All right, we'll try and speak clearly and loudly. Thank you. We still have our minds in unlawful possession of cannabis. The State's bottom line here is that we don't have to prove the THC content. Our violence, basically, is possession of a gun or firearm or dangerous weapon in the course of official felony. As I'm sure the court is aware, this is a class 4 felony that possesses more than 100 grams or less than 500 grams of, according to statute, any substance containing cannabis. In this case, what we have is we have mainly two substances, the two which was considered 10, methamphetamine, and then we have three containers, the containers of methamphetamine. And it's the focus of the defendant that we had to take and prove the THC content of the evidence. Now, the people did that, actually, in two ways. The first way, and the way it was already implied, and the way it was, it always has been the law that the medium of how something, especially drugs, is given is included in the weight. So in this case, the fact that the product, the fact that the companies may not be 100% cannabis doesn't make any difference. What we're looking at is we're looking at the weight of cannabis. And the statute, the Cannabis Control Act, doesn't say we have to prove THC content. It doesn't have to prove that it's not a gun. It is the weight, it's the total weight of the product. And the product is like this in the dummies. It is the dummies, water, and THC. In essence, I guess the way I kind of look at it is the dummies all become cannabis. They all become THC, in effect. And so that weight, that you weigh that, is the proper way of determining. In comparison to the legalization, the fact that the Cannabis Control Act now provides, you know, they accept this provided in the legalization statute, the taxation statute, the reason why that's prohibited is because under the Cannabis Control Act, if you possess less than 10 grams, that's a civil offense. And then everything is based on the weight added to that. So, if you take, for example, this defendant here, okay, had this traffic stop for whatever reason, okay, and we have the gun found, and we have found one container of the evidence. Was there a crime? No. Because under the legalization statute, he could possess the one container of the evidence. Would there be unbiased? Of course not, because there's no felony. In this case, however, you have three containers. And because of the fact that the law has been, and nothing has been cited by the defendant, and I have not been able to find anything that has changed the rule established by the courts as to how the weight is determined, and it's the entire product that the THC is in. I thought along with it was various questions about the brownies. If he had ever, hit by chance for whatever reason, they tested the brownies, the brownies, the weight of the brownies, the THC in it, it's all added to the weight, it's all part of it. So, we did prove 161.7 grams with these three containers. The second way, and this kind of sort of came from the reply brief of the defendant, kind of just generalizes that, well, you didn't prove the THC, and therefore it's a different THC, and you didn't prove that, he didn't even possess his half a gram of evidence, that you didn't prove the guilt of the underage adult. Well, the thing is, Exhibit 8 is an evidence. Exhibit 8 was admitted. That is evidence that you can look at, and that is evidence that you can see how much THC is in one of those containers. One of those containers, each container contains 350 milligrams of THC. All you have to do is just the simple math of that thing. Converting milligrams to grams, do the subtraction, and what you come up with is you still come up with more than a hundred grams of cannabis. So, no matter how you want to take a look at this, no matter how you want to take and view what's being done here, the fact of the matter is that people did prove beyond reasonable doubt that the defendant was in a felony possession of cannabis. Based on the reading and based on the fact that he had any substance, and that substance in this case was gummies, and the way they all together came up to 161.7, if you multiply it through the math, with just doing the milligrams that I say, breaking it down, you come up with 100.35 grams, which is still more than 100 grams. So, under the facts of this case, and we don't have to prove that either, and I don't think, and I think the main part of our argument is we do not have to take and prove actual THC content. We just have to prove that the product is cannabis, and that the amount of that all together is more than 100 grams. We did that, we proved the defendant guilty beyond reasonable doubt. If there are any questions, if I have to respond, if I were to respond to any questions about the sentencing, which is counseled into the argument, I will also take a risk with my own reading. If the court is still inclined to accept that. Any questions? We do not have any questions at this time, so we will take the rest of the argument on your briefs. We appreciate your argument, and thank you. Counselor, you have time to reply. And might I suggest, I don't want to totally run your presentation here, but could you address the last point that Counselor made with regard to the THC, the milligrams converted to grams that bring us to the 100.35 grams total? Yes, Your Honor. Initially, I think what Counsel is saying is because these edible product, or the jars, were admitted into evidence, that they met the burden of their case to show what the THC content was. But in fact, he obviously did a calculation based upon 350 milligrams of THC. But frankly, that's not in the record. That's news to me. It should be news to you, the court, because it's frankly not in the record. There's no evidence of the THC content. Well, what he's suggesting, I believe, is that the packaging itself has some type of label that gives you, per gummy or per package, how much THC is contained in that package. And if that was admitted, then everything about that is before the court. It may be that those, I haven't personally seen the jars.  It may be that there is a label, but I can't say that that label is reliable, or that that label was actually admitted into evidence. I know typically with prescription drugs and the like, the label is admitted as being a reliable source of the content of the drug. Well, the drug isn't reliable. I mean, as you pointed out at the beginning, the admission of those were stipulated, so we can take whatever, you know, we can glean from that evidence as reliable other things, and sort of stipulate it. Well, I would disagree. I think the stipulation says what it says. It says that the product contained THC, and that the product's total weight was 161.7 grams. It doesn't say anything about how much THC. Well, as you pointed out, you haven't seen that label. So I'm assuming, I'm making the assumption that the counselor is giving us accurate information, and that the packages themselves, and we can review the record and look at those exhibits, but if those exhibits do have a label that do contain, that do provide us with the THC level or amount, we can go to a jar or a gummy, and the calculation is easy enough to make. I would agree if the photographs do contain that information. As far as I know, the photographs do not contain that information, Your Honor. I don't know at all. And I would like to address, though, one other point. And as far as I know, the brownie example that we've kind of discussed this morning, counsel suggests that we should still continue to weigh the total amount. I've been told that they sell brownie mixes and cookie mixes with cannabis. And I think it flies in the face of the CRTA to assume that we're supposed to take that brownie mix and when a person makes it at home, that that's, in fact, illegal once they've made the brownie mix that they've legally purchased. That's entirely contrary to the CRTA post-legalization after January of 2020. Your Honors, I don't have any further questions. I do not. Thank you. All right. Thank you. I'm not sure. Did we mention Justice Cates in this case? All right. Just for the record, Justice Cates is another panel member for this case, and she was unavailable today, so she will be participating by reviewing the audio from today's hearing and then discussing it with us before we issue our ruling, just so you know who else is on the case with us. Thank you both for your briefs and your arguments here today. The Court will take the matter into consideration and issue our ruling in due course. You guys have a good rest of your day.